```
             UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LUIS ORLANDO SOTOMAYOR, | : | **CIVIL NO. 1:06-CV-1792** |
| o/b/o, E.S.D., | : | |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| MICHAEL J. ASTRUE[1], | : | |
| Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant | | |

**REPORT AND RECOMMENDATION**

The plaintiff, Luis Orlando Sotomayor, on behalf of his granddaughter, E.S.D., has brought this civil action under the authority of 42 U.S.C. § 1631(c) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security Supplemental Security Income.

On October 14, 2003, Luis Orlando Sotomayor, the plaintiff, E.S.D.'s grandfather, applied for Supplemental Security Income benefits on behalf of E.S.D., a minor child

---

[1] Michael J. Astrue became the Commissioner of Social Security, effective February 12, 2007, to succeed Linda S. McMahon. Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

under the age of 18.  He alleges that E.S.D. has been under a disability as the result asthma and a speech impairment.

After an initial denial of the plaintiff's claim, a hearing was held before an administrative law judge (ALJ) on February 10, 2006. (Tr. 324-344).

Luis Sotomayor, the plaintiff, stated that E.S.D., his granddaughter, was six years old as of the date of the hearing and was then in kindergarten.  E.S.D. has a speech therapist. Her speech is improving.  The family doctor is treating her asthma condition.  Her grandfather gives her medications to her and assists her in her use of a nebulizer machine.  E.S.D. has gone to the emergency room more than three times, but has not gone there for a long time.  Her grandfather watches her breathing and her activities.

Charlotte Miller testified that E.S.D. has asthmatic problems when she plays too much.  She stated that it is important in caring for E.S.D. to avoid the release of dust into her immediate environment, and so there is special care extended to clean her linens, blankets, bedspread, stuffed toys, and pillows.  A humidifier is used in her room, and her

room is kept cool.  Fans and heating units are frequently cleaned.  She is given a breathing treatment with the nebulizer fan when her chest gets tight.  When her symptoms persist, she is taken in to the bathroom and a steam room environment is created.  Calming methods are used.  It is important that she not get excited.  If all of the home measures do not work, she is taken to the hospital according to the doctor's instructions.  She had not needed to go to the emergency room for a year prior to the hearing.

Charlotte Miller listens for wheezing every day, sometimes using a stethoscope.  E.S.D. must also be kept away from smoke and must follow a nutritious fresh food diet with plenty of hydration.

E.S.D. stated that her asthma causes her chest to get tight and her breathing to be difficult.  She does her homework.  She brushes her teeth.  She has speech instructions.

Her attorney in summing up the claim stated that the essence of the claim is the necessity for twenty-four hour observation to manage her asthma.

On February 16, 2006, the ALJ issued his decision denying the claim of the plaintiff for benefits. (Tr. 16-22).

The plaintiff filed the complaint on behalf of E.S.D. with this court on the plaintiff's behalf on September 14, 2006.  On December 4, 2006, the defendant filed an answer to the complaint along with a copy of the administrative record.  Pursuant to Local Rules 83.40.4 and 83.40.5, the plaintiff filed his brief on January 22, 2007 and the defendant filed his brief on February 23, 2007. Plaintiff filed a reply brief on March 12, 2007.

If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995).  Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1998).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict around the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).  However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id.* at 706-707.  In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

In 1996, Congress altered the statutory disability standard for children seeking SSI. Pub.L. No. 104-193 (August 22, 1996).  Section 211(a)(4) of the 1996 legislation, codified at 42 U.S.C. § 1382c(a)(3)(C)(I), provides:

> An individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

Pub.L. No. 104-193 § 211(a)(4).

The rules applicable to a child alleging disability prescribe a three-step sequential evaluation under which the Administrative Law Judge must consider:  (1) whether the child is engaging in substantial gainful activity; (2) whether the child has a mentally determinable impairment (physical or mental) or combination of impairments that is severe; (3) whether the child's impairment(s) meets, medically equals, or functionally equals in severity any of the listed impairments at 20 C.F.R. § 404, Subpt. P, App. 1. *See* 20 C.F.R. § 416.924(a).

6

A child meets the listing if the specific findings detailed within the description of a listing exist with respect to that child's diagnosis. 20 C.F.R. § 416.924(d)(1). A child medically equals a listing if the medical findings with respect to the child's impairments are at least equal in severity and duration to the listed findings. 20 C.F.R. § 416.926(a). A child functionally equals a listing when she has a severe impairment that results in "marked" limitations in two domains of functioning or in an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

There are six domains of functioning used in determining functional equivalence: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) ability to care for oneself; and (6) health and physical well being. 20 C.F.R. § 416.926a(b)(1)(I)-(vi). A marked limitation in a domain is found when an impairment interferes seriously with a plaintiff's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). A marked limitation is more than moderate but less than extreme. *Id.* An extreme limitation in a domain is found when the impairment interferes "very seriously"

with a plaintiff's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).  An extreme limitation is more than marked and is a description given to the worst limitations. *Id.*  An additional factor which is considered in determining functional equivalence is whether or not the activities of the child asserting disability are typical of other unimpaired children of the same age. 20 C.F.R. § 416.926a(b)(2).

In this case the ALJ determined that E.S.D. has not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 22).

The ALJ determined that E.S.D. has severe impairments, her asthma and speech impairment, causing more than minimal functional limitations.  The ALJ found no limitations in the domains of acquiring and using information, attending and completing tasks, moving about and manipulating objects, and self-care.  The ALJ found a less than marked limitation in the domains of interacting and relating to others and health and physical well-being.  On the basis of these findings, the ALJ found E.S.D. not to be under a disability and denied the application for Supplemental Security Income payments.

There is no contention that the ALJ incorrectly applied the statute or the regulations.  The plaintiff challenges the material factual findings, arguing that they are not supported by substantial evidence.

The plaintiff's first argument is that substantial evidence does not support the finding of the ALJ that the asthmatic condition of E.S.D. does not require twenty-four hour-a-day supervision.  The evidence that the plaintiff cites to support an inference that twenty-four hour-a-day supervision is required is that E.S.D. has frequent severe attacks and that her grandfather or Charlotte Miller periodically check for wheezing by using a stethoscope, that they interact with school staff to arrange for preparedness in case E.S.D. has an attack while at school, that they monitor the temperature and humidity in E.S.D.'s bedroom and check her bedroom from time to time while E.S.D. is sleeping, and that they perform other chores to effectively prevent attacks.  The ALJ considered the family's routine measures to prevent E.S.D. from having an attack and to be prepared for responding to severe attacks.  He did not consider these measures to be beyond the usual precautions required for any asthmatic child, and the plaintiff does not dispute this.  The ALJ did not equate the establishment and

9

maintenance of a certain home temperature and humidity coupled with periodic observation and occasional treatment measures to be equivalent to constant supervision.  The plaintiff provides no significant basis to fault this analysis of the ALJ.  The plaintiff suggests that the ALJ failed to credit testimony of Mr. Sotomayor and Ms. Miller, but we do not think that this accurately characterizes the ALJ's ruling.

The plaintiff argues that there is not substantial evidence to support the finding by the ALJ that E.S.D. does not have an extreme limitation in the domain of health and physical well-being.  The plaintiff cites the same evidence of the need to monitor the environment of E.S.D. by her grandfather, as well as the necessity of hospital or physician's office care for E.S.D. twenty times in just over four years, and the necessity of a nebulizer and steam treatments at home.

The ALJ found less than "marked" limitations in the health and physical well-being domain on the basis in part of an absence of medical records from February 2003 to June 2004, and the records from after June of 2004.  (Tr. 20-21).  The ALJ found that there was not a marked limitation because, he found, there were not frequent illnesses or frequent exacerbations.

10

The plaintiff asserts that there were twenty hospital and physician visitations.  The proof of so many visits is not evident.  An assertion of the grandfather of twenty times was corrected by the grandfather to more than "two or three times." (Tr. 331).  The inadequate evidence as to the number of emergency room visits, the time that has passed since the visits, the necessity of the visits and the degree to which the necessity for the visits was addressed by the measures now being used to control and to address her asthma in the home, to merit a determination that the decision of the ALJ is not supported by substantial evidence.

The decision is supported by substantial evidence; therefore, it is recommended that the appeal be denied.

                                              ***/s/ J. Andrew Smyser***
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated:  March 22, 2007.