IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS ORLANDO SOTOMAYOR,** | : | **CIVIL ACTION NO. 1:06-CV-1792** |
| **Plaintiff** | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **MICHAEL J. ASTRUE,** | : | |
| **Commissioner of** | : | |
| **Social Security,** | : | |
| | : | |
| **Defendant** | : | |

### ORDER

AND NOW, this 23rd day of July, 2007, upon consideration of the report of the magistrate judge (Doc. 8), recommending denial of plaintiff's appeal from the decision of the Commissioner of Social Security, and of plaintiff's objections thereto (Doc. 9), asserting that the Administrative Law Judge ("ALJ") erred in: (1) failing to credit fully the testimony of the claimant's grandparents without explanation (Doc. 9 at 1-4), (2) failing to conclude that the medical evidence and the testimony of the claimant's grandparents established an extreme limitation in the domain of health and physical well-being (Doc. 9 at 6-9),[1] and (3) importing requirements from an unrelated subsection into a subsection that directs a finding of disability due to functional equivalence (Doc. 9 at 4-6),[2] and, following an independent review of the

---

[1] See 20 C.F.R. § 416.926a(e)(3) (stating that a claimant may be found to have an extreme limitation in a particular domain where the claimant has an impairment that "interferes very seriously with [his or her] ability to independently initiate, sustain, or complete activities").

[2] See infra note 4.

record, it appearing that the ALJ did not reject the testimony of the claimant's grandparents (Doc. 4 at 20-21 (basing findings, in part, on the grandparents' testimony)), that the ALJ determined that the grandparents' testimony and the medical evidence did not support a finding that the claimant suffered an extreme limitation in the domain of health and physical well-being or that the claimant required 24-hour-a-day supervision and was disabled based on functional equivalence,[3] (Doc 4 at 20-22); see 20 C.F.R. § 416.926a(m)(6) (listing the "[r]equirement for 24-hour-a-day supervision for medical . . . reasons" as an example of an impairment that functionally equals the listings),[4] and that sufficient evidence exists to support the ALJ's findings, see 42 U.S.C. § 405(g) (stating that

---

[3] The ALJ concluded:

> There is no evidence in the record that the claimant's condition requires 24 hour supervision beyond the usual precautions required for any asthmatic child. The grandparents' cautious supervision does not equal disability. They take many of the same precautions that other parents or guardians should take for almost all children with asthma.

(Doc. 4 at 21.)

[4] Plaintiff argued that the ALJ improperly based his determination of the claimant's need for 24-hour-a-day supervision on whether the claimant was "medically fragile and need[ed] intensive medical care to maintain [her] level of health and physical well-being." (Doc 9 at 5-6); 20 C.F.R. § 416.926a(l)(4)(v). However, the ALJ concluded that "[t]he claimant's condition is not fragile and she does well on her medication. Since the insertion of the ear tubes, she is more medically stable and her physical examinations do not document a precarious medical condition . . . ." (Doc 4 at 21.) Although the language employed by the ALJ is similar to that contained in the regulation, it is clear that such similarity is purely coincidental, and that the ALJ did not improperly employ the standards set forth in 20 C.F.R. § 416.926a(l)(4)(v) to determine whether the claimant required 24-hour-a-day supervision under 20 C.F.R. § 416.926a(m)(6).

"findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 8) is ADOPTED.

2. Plaintiff's appeal from the decision of the Commissioner of Social Security (Doc. 1) is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge